| | | | |
|---|---|---|---|
| Case No. | SACV 17-02971 PA (JDE) | Date | August 28, 2017 |
| Title | Paul Logan v. Los Angeles Airport Police Dept., et al., | | |

**Present: The Honorable**  John D. Early

| Ivette Gomez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings: (In Chambers)**  Order to Show Cause Why Case Should Not Be Dismissed

## I.
## BACKGROUND

On April 19, 2017, Plaintiff Paul Logan ("Plaintiff"), proceeding pro se, filed a Complaint alleging claims for (1) a civil rights violation pursuant to 42 U.S.C. § 1983 and (2) battery against the Los Angeles Airport Police Department ("LAXPD") and Officer Andrews. (Dkt. 1). On May 10, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. 7).

On May 18, 2017, the Court issued a Case Management Order ("CMO) ordering Plaintiff to "promptly proceed with proper and lawful service of the Summons and Complaint on each named defendant. Service of the Summons and Complaint must comply with the provisions of Rule 4, Federal Rules of Civil Procedure. Plaintiff shall file one copy of the Proof of Service showing compliance with this order within 90 days of filing the complaint, i.e., **no later than July 18, 2017**." (CMO at 1, Dkt. 8). Plaintiff was further advised that failure to comply could result in a dismissal of any defendant not served, or the issuance of an Order to Show Cause re dismissal for failure to prosecute. Id.

The docket does not reflect that Plaintiff requested the Clerk of Court to issue a summons. Nonetheless, on July 7, 2017, Plaintiff filed a proof of service purporting to relate to service of process upon LAXPD. (Dkt. 9, "Proof of Service"). The Proof of Service executed on June 29, 2017 by Ryan Willard, identified as a registered California process server, states that service of both the summons and complaint was effectuated upon LAXPD by serving an individual named "King," stated to be an airport police officer designated for service, at 6320 W. 96th Street, Los Angeles, California 90045 at June 24, 2017 at 11:25 a.m. (Id at 1-2). The Proof of Service further attests that the "Notice to Person Served" on the summons was completed on behalf of LAXPD under California Code of Civil Procedure Section 415.95 (business organization, form unknown), not "public entity." (Id. at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-02971 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Paul Logan v. Los Angeles Airport Police Dept., et al., | | |

No further filings have been made by any party in the case since the July 7, 2017 filing of the Proof of Service.

## II.
## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"), subsection (c), provides that, in a federal civil case, the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Further, Rule 4(b) provides that when plaintiff in a civil case presents a "properly completed" summons, the clerk will issue the summons for service upon the defendant.

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir.1987) (ignorance of Rule 4 is not good cause for untimely service)).

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

Under Rule 4(e), an individual defendant may be served (1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," or (2) by (A) delivery a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-02971 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Paul Logan v. Los Angeles Airport Police Dept., et al., | | |

When serving a state or local government entity, Rule 4(j)(2) provides that service may only be effectuated by (A) delivering a copy of the summons and of the complaint to [the governmental entity's] chief executive officer; or (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant." Under California law, a plaintiff may properly effect service of process on a public agency by serving a "clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). The Roster of Public Agencies, kept on file with the Secretary of State, lists each agency's proper representative and address for service of process. See Cal. Govt. Code § 960.8 ("Service of process in an action or proceeding against a public agency may be made in conformity with the information contained in the statement in the Roster of Public Agencies pertaining to that public agency which is on file at the time of such service.")

California Code of Civil Procedure Section 415.95 ("Section 415.95") provides:

    (a) A summons may be served on a business organization, form unknown, by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

    (b) Service of a summons pursuant to this section is not valid for a corporation with a registered agent for service of process listed with the Secretary of State.

Here, under Rule 4 and the Court's CMO, Plaintiff was required to properly serve all defendants and file appropriate proof(s) of service by July 18, 2017. Plaintiff has not done so.

  A. <u>Defendant Officer Andrews</u>

Plaintiff has filed no proof of service regarding any service of process upon Defendant Officer Andrews. More than 90 days have passed since the filing of the Complaint – in fact, more than 130 days have passed. Absent a showing of good cause, the Complaint is subject to dismissal as to Defendant Officer Andrews.

  B. <u>Defendant LAXPD</u>

As noted, Plaintiff did file the Proof of Service relating to LAXPD. However, the Proof of Service appears to be facially invalid for a number of reasons. First, under Rule 4 and the CMO, proper service of process requires service of the complaint and summons. Here, a review of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-02971 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Paul Logan v. Los Angeles Airport Police Dept., et al., | | |

Court's docket does not reflect that Plaintiff requested the Clerk of the Court to issue a summons, or that a summons has been issued in this case. Although the Proof of Service reflects that a summons was served, no copy of the summons that was served is attached. As it does not appear that a summons has been issued by the Clerk of Court, any service of a complaint only would not comply with Rule 4 or the CMO.

Second, the Proof of Service reflects that the notice was completed pursuant to Section 415.95. As set forth above, the plain language of Section 415.95 applies to service of business organizations, not public entities. Thus, it appears even if service included a properly issued summons, the purported service was conducted in the wrong manner under California law.

Third, because Defendant LAXPD is a public entity, under Rule 4(j)(2), absent personal service of LAXPD's chief executive officer, California law governs upon whom service may be appropriately be made. The Proof of Service's reference to "King" as the person upon whom service was made does not appear to comply with the statutory requirements.

Thus, more than 130 days after this complaint was filed, it appears that proper service has not been effectuated on any defendant.

### III.
### ORDER

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response **by no later than September 15, 2017** which sets forth: (1) whether Plaintiff has, in fact, properly served the defendants; (2) any claimed "good cause" for the apparent failure to timely serve the defendants; and (2) any claimed "good cause" for the apparent failure to comply with the Order to file proofs of service by July 19, 2017.

Instead of filing a written response to the matters addressed in this Order, Plaintiff may voluntarily dismiss the entire action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk is directed to provide Plaintiff with a blank Notice of Dismissal Form (CV-009).

**The Court warns Plaintiff that failure to timely file a response to this Order may also result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b)

| | Initials of Courtroom Deputy | ig |
|---|---|---|